UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>GLEN EDWARD DOCKINS,<br><br>                    Defendant. | CASE NO. 2:13-CR-2039-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE SENTENCE** |

    Before the Court is Defendant Glen Edward Dockins's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ECF No. 57. On August 16, 2016, the Court held a hearing on this matter. Ms. Alison Guernsey appeared on behalf of Mr. Hovey, who was not present for the hearing. ECF No. 62. Mr. Alvin Guzman appeared on behalf of the United States Attorney's Office (USAO). *Id.* The Court grants Defendant's motion for the reasons articulated at the hearing and the reasons set forth below.

**I.    FACTUAL BACKGROUND**

    On February 12, 2013, the grand jury returned an indictment against Defendant charging him with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The statutory maximum penalty for the crime was a 10-year term of incarceration. 18 U.S.C. § 924(a)(2); ECF No. 3. Defendant and the

ORDER - 1

USAO entered into a Rule 11(c)(1)(C) plea agreement. ECF No. 31. Pursuant to the agreement, Defendant agreed to plead guilty to the charge and the United States agreed not to file any additional charges. *Id.* ¶¶ 1 & 7. Both parties agreed to recommend a sentence within the range of 60-77 months. *Id.* ¶9. The Defendant also specifically waived his right to appeal his sentence, so long as it did not exceed 77 months, and his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel. *Id.* ¶16.

On June 20, 2013, the Court accepted Defendant's guilty plea but reserved accepting the parties' plea agreement until the sentencing hearing, when the Court would have the benefit of a presentence investigation report (PSIR) prepared by the U.S. Probation Office. ECF No. 29.

On September 11, 2013, the Court held a sentencing hearing in this matter. ECF No. 46. The Court adopted the PSIR, finding that Defendant's Total Offense Level was 23 because he qualified for an enhancement under § 2K2.1(a)(2) of the Sentencing Guidelines (Guidelines) based on two prior convictions for crimes of violence. ECF Nos. 40, 47 & 48. The Court found that Defendant's Criminal History Category was VI. *Id.* This resulted in an advisory sentencing guideline range of 92-115 months. *Id.* The Court accepted the parties' plea agreement and imposed a sentence of 77 months' imprisonment, three years of supervised release, and a $100 special penalty assessment. ECF Nos. 45, 47 & 48.

On May 6, 2016, Defendant filed the instant motion seeking resentencing in this matter. ECF No. 57. Defendant argues that he is currently serving an illegal sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutional, and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that the Supreme Court's ruling in *Johnson* is retroactively applicable on collateral review. Defendant argues that these cases establish that he did not qualify for a sentencing enhancement under § 2K2.1(a)(2) of the Guidelines because his prior Washington convictions for attempt to elude were not crimes of violence.

**II. Analysis**

Defendant believes he is serving an illegal and unconstitutional sentence. ECF No. 57. He has filed this motion pursuant to 28 U.S.C. § 2255 and is asking the Court for resentencing. *Id.* For the reasons articulated by this Court in *United States v. Tomisser*, No. 11-CR-2115 (E.D. Wash. July 12, 2016), and *United States v. Hovey*, No. 10-CR-2054 (E.D. Wash. Aug. 18, 2016), the Court finds that *Johnson* applies retroactively to the Defendant's case and relief is available under 28 U.S.C. § 2255.

**A. Application of *Johnson* to the Defendant's Case**

Mr. Dockins was subjected to an enhanced advisory Guideline sentencing range based on the determination that he had previously been convicted of two crimes of violence based on two prior Washington convictions for attempt to elude. ECF No. 40, at ¶31. Pursuant to Guidelines § 2K2.1, Defendant's Base Offense Level was increased to 24

ORDER - 3

1  from 14. As a result, Defendant's advisory Guideline range was 92-115
2  months' imprisonment. If Defendant had not received an enhanced Base
3  Offense Level for a prior crime of violence, he would have been
4  subject to a guideline range of 33-41 months.

5     Prior to the Supreme Court's decision in *Johnson*, the Supreme
6  Court established that eluding a police officer constituted a crime of
7  violence under the residual clause of the career offender provision.
8  *See Sykes v. United States*, 131 S. Ct. 2267 (2011). In *Johnson,*
9  however, the Supreme Court both held that the application of the
10 residual clause of the ACCA violated due process and expressly
11 overruled its precedent regarding eluding crimes. *Johnson*, 135 S. Ct.
12 at 2563. This precedent applies equally to the definition of crime of
13 violence under the Guidelines. *See, e.g.*, *Reina-Rodriguez v. United*
14 *States*, 655 F.3d 1182 (2011) (applying the Ninth Circuit's en banc
15 decision in *United States v. Grisel*, 488 F.3d 844 (2007), which
16 altered the definition of crime of violence under the ACCA, to the
17 Guidelines definition of crime of violence).

18    Accordingly, Defendant's prior Washington convictions for
19 attempt to elude no longer qualify as crimes of violence.

20    **B. Effect of Defendant's Plea Agreement**

21    In the parties' plea agreement, Defendant waived his right to
22 appeal or collaterally attack his sentence. ECF No. 31. An appeal
23 waiver will not apply, however, if "the sentence violates the law."
24 *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A
25 sentence is illegal if it exceeds the permissible statutory penalty
26 for the crime or violates the Constitution." *Id.* (citing *United States*

ORDER - 4

*v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986). *Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. Based on this holding, the application of the Guidelines crime of violence residual clause to increase the Defendant's sentence similarly violates due process. Defendant's sentence is therefore illegal, and the Court will not enforce the collateral attack waiver.

The Government also argues that because Mr. Dockins was sentenced according to a Rule 11(c)(1)(C) plea agreement, he was not sentenced based on the Guidelines and his sentence is therefore not affected by *Johnson*. *Johnson* does, however, establish that the Guidelines analysis in the parties' plea agreement was constitutionally flawed. Accordingly, the Court withdraws its acceptance of the plea agreement. The Court will exercise its sentencing authority and may or may not accept the plea agreement as corrected.

**III. Conclusion**

The Court finds that the Supreme Court's holding in *Johnson* applies to the Defendant's case and relief is available under 28 U.S.C. § 2255. In addition, the Court finds that Mr. Dockins's prior convictions for attempt to elude no longer qualify as crimes of violence under the Guidelines. Therefore, the Defendant is entitled to a resentencing hearing in this matter.

//

/

ORDER - 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate Sentence, **ECF No. 57**, is **GRANTED.**
2. The judgment of this Court, **ECF No. 47,** is **VACATED.**
3. The Court **SETS** a sentencing hearing for **Wednesday, October 5, 2016**, at **11:15AM** in **RICHLAND.**
4. The United States Probation Office is to prepare an expedited presentence investigation report in advance of the sentencing hearing.
5. The Defendant is required to be present at this hearing.
6. A separate order regarding the schedule of sentencing will issue.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the United States Probation Office, and the United States Marshals Service.

**DATED** this  18th  day of August 2016.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge
